### HART v. AMERICAN FIDELITY CO.

(Supreme Court, Appellate Term. January 5, 1911.)

INSURANCE (§ 665*)—BURGLARY INSURANCE—ACTION ON POLICY—SUFFICIENCY OF EVIDENCE.

In an action on a policy insuring plaintiff against loss of an earring from burglary, theft, or larceny, evidence *held* not to prove larceny of the earring, but, at most, only the loss thereof.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 665.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Frieda Hart against the American Fidelity Company. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 121 N. Y. Supp. 605.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

J. Sidney Bernstein, for appellant.

James, Schell & Elkus (Edgar J. Tracy, of counsel), for respondent.

BRADY, J. This action was brought by the plaintiff to recover the sum of $450 as the value of an earring claimed to have been stolen from her on the 15th day of July, 1906, and against which the defendant had insured her under a policy of insurance.

The plaintiff testified that on July 15, 1906, she was cleaning a pair of diamond earrings at her washstand, when one of the earrings slipped from her hands, and fell into the basin, and disappeared down into the waste pipe; that there was a hole in the bottom of the basin, and she saw the earring go down into that hole and disappear from her sight; that she looked down into the hole, but could not see the earring; that the water was running when she was washing the earring, and when it dropped from her hand she immediately stopped the water from running; that she immediately sent for one Weiss, who was a janitor of premises opposite the plaintiff's; that he looked down the hole in the basin, and could not see the earring, and then he unscrewed the cap underneath the trap, and said that the earring was not there. The husband of the plaintiff testified that, when he

returned home in the evening, he opened the pipe and failed to find the earring; that next day a plumber was brought in, who opened the pipe on the floor below, and the earring was not found by him. Two witnesses, plumbers, testified for plaintiff that they examined the basin and the pipes in April, 1910, and at that time an earring the size of the one exhibited to them would not pass through the strainer, which was located about 2¼ inches below the bottom of the basin. From these circumstances the plaintiff contended that the earring was stolen by the man Weiss.

On behalf of the defendant, a plumber named Max Sandzich testified that he was called to the plaintiff's house on July 15, 1906, the day of the alleged loss, and in the presence of the plaintiff examined the basin and the waste pipe; that the strainer was broken, and that a marble about three-fourths of an inch in diameter could go through the hole; that the plaintiff told him she had let the water run for about 10 minutes after the earring had slipped from her hand. The witness also testified that there was nothing in the pipe to prevent the earring from going into the trap, and that the water running for about 10 minutes would create sufficient pressure to carry the earring through the trap into the sewer pipe; that after examining the basin and trap he did not find the earring. The man Weiss died subsequent to the occurrence. Upon all this evidence the court rendered judgment in favor of the defendant. The plaintiff has failed to prove the larceny of the earring, and she has established, at most, only the loss of an earring. This would not render the defendant liable under the terms of the policy, which provides that, in order to entitle her to recover, she must prove a burglary, theft, or larceny.

The judgment should be affirmed, with costs. All concur.